977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Matthew Edwin LOTHIAN, Defendant-Appellant.
 No. 91-50738.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1992.*
Decided Oct. 5, 1992.
 
 Before BOOCHEVER, WILLIAM A. NORRIS and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Matthew Lothian appeals the denial of his petition for a writ of error coram nobis. Lothian brought the petition during the pendency of his direct appeal, collaterally attacking his conviction on twenty counts of mail fraud, wire fraud, and interstate transportation of property obtained by fraud. In a separate published opinion we address his direct appeal, affirming in part and reversing in part. United States v. Lothian, No. 90-50629. In that opinion we reverse his conviction on four of the twenty counts. Lothian's collateral attack on his conviction is moot as to these counts. As to the remaining counts on which Lothian's conviction stands, we affirm the district court's denial of the petition.
 
 BACKGROUND
 
 3
 Lothian's fraud conviction is based on his participation in a fraudulent telemarketing scheme, B.N. Goldberg & Associates ("BNGA"). The details of this scheme and Lothian's involvement in it are set forth fully in our disposition of Lothian's direct appeal, United States v. Lothian, No. 90-50629. In July 1991, after filing his opening brief in that appeal, Lothian learned from the prosecution that a prosecution witness, Wayne Pederson, had perjured himself. Pederson had testified at trial regarding the fraudulent practices at Schoolhouse Coins and about his conversations with Lothian's co-defendant, Lester Thompson, concerning BNGA. When asked whether he had used aliases, Pederson testified that he had used only one for security purposes when testifying before state and federal legislative subcommittees regarding boilerroom telemarketing activities. Pederson failed to disclose the fact that at the time of Lothian's trial he was also using another alias, "Lynn Dieltz," to obtain a loan from a federally insured financial institution. Lothian also learned that Pederson has spelled his name in different ways and used false social security numbers in other loan applications. Meanwhile, Lothian was released from custody in August 1991, having served his sentence.
 
 
 4
 In September 1991, on the basis of the information concerning Pederson's perjury, Lothian petitioned the district court for a writ of error coram nobis. The district court denied the petition with prejudice, ordered the government to produce to Lothian the case file in United States v. Pedersen, and refused to hold an evidentiary hearing on the issue of the extent of cooperation between a state police officer who knew of Pederson's perjury and federal prosecutors. Lothian timely appeals the district court's order.
 
 DISCUSSION
 
 5
 A writ of error coram nobis is available in federal court under the All Writs Act, 28 U.S.C. § 1651(a), " 'for errors of fact ... in those cases where the errors [are] of the most fundamental character, that is, such as rendered the proceeding itself invalid.' " Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.1987) (quoting United States v. Mayer, 235 U.S. 55, 69 (1914)). Four requirements must be met to entitle a petitioner to coram nobis relief: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character. Id. We review the district court's denial of the writ de novo. See id. at 594.
 
 
 6
 Lothian fails to meet at least two of the four requirements for coram nobis relief: the absence of more usual remedies and an error of the most fundamental character. First, a more usual remedy is available. Lothian may move for a new trial based on newly discovered evidence under Fed.R.Crim.P. 33. See Fed.R.CrimP. 33; cf. Hirabayashi, 828 F.2d at 604 (coram nobis is the only remedy available for "petitioners who have long since served their sentences" and who therefore cannot seek a new trial under rule 33).
 
 
 7
 Second, Lothian fails to satisfy the requirement that the error be of the most fundamental character. Lothian cites Napue v. Illinois, 360 U.S. 264 (1959), for the proposition that the prosecution's knowing use of perjury that goes to credibility rather than directly to the defendant's guilt is nonetheless a fundamental error requiring reversal of a conviction. Napue is distinguishable. In Napue the substance of the witness' testimony was essential to the conviction; he was the only witness who could identify Napue as the perpetrator. Here, in contrast, the substance of Pederson's testimony was not essential.
 
 
 8
 The standard under which we evaluate the effect of the perjured testimony is determined by the government's knowledge of the perjury. If the government had actual or constructive knowledge, the conviction " 'must be set aside if there is any reasonable likelihood that this evidence could have affected the judgment of the jury.' " United States v. Shaffer, 789 F.2d 682, 687 (9th Cir.1986) (emphasis added) (quoting United States v. Agurs, 427 U.S. 97, 103 (1976)). On the other hand, if the government had no knowledge of the perjury, the conviction may only be reversed " 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' " United States v. Endicott, 869 F.2d 452, 455 (9th Cir.1989) (emphasis added) (standard for granting new trial based on newly discovered evidence) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)). We find it unnecessary to resolve the parties' dispute over whether or not the government had constructive knowledge of Pedersen's perjury. Even assuming that the government had constructive knowledge, coram nobis relief is unwarranted because there is no reasonable likelihood that knowledge of Pederson's perjury would have affected the jury's judgment about Lothian's guilt.
 
 
 9
 The jury already knew that Pederson was a liar and a cheat, made his living from fraud, and was a convicted felon. Revealing one more lie and providing one more ground for impeachment would not have been likely to change whatever credence the jury gave his testimony. The jury also heard substantial evidence of the fraudulent nature of BNGA, including the testimony of Goldberg and numerous BNGA victims, that supports Lothian's conviction independent of Pedersen's testimony. In such a case reversal of a conviction for a new trial is unwarranted. See Endicott, 869 F.2d at 456-57 (new trial not warranted where undisclosed evidence provided additional but cumulative ground of impeachment and where conviction was supported by substantial independent evidence).
 
 
 10
 Thus, because alternative, "more usual" remedies exist and because a fundamental error is not involved, we affirm the denial of Lothian's coram nobis petition.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3